UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                    §
                                          §
MOHIUDDIN, MOHAMMAD S.                    §    Case No. 09-29948
MOHIUDDIN, WAJAHAT S.                     §
                                          §
                                          §
            Debtor(s)                     §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter     of the United States Bankruptcy Code on
   . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

   Funds were disbursed in the following amounts:

   Administrative expenses
   Payments to creditors
   Non-estate funds paid to 3rd Parties
   Payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

      6.  The deadline for filing claims in this case was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Phillip D. Levey_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Case 09-29948   Doc 43   Filed 09/09/10   Entered 09/09/10 11:09:23   Desc Main
Document      Page 3 of 8

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1
Exhibit A

| Case No: | 09-29948 EW Judge: EUGENE R. WEDOFF | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | MOHIUDDIN, MOHAMMAD S. | Date Filed (f) or Converted (c): | 08/14/09 (f) |
|  | MOHIUDDIN, WAJAHAT S. | 341(a) Meeting Date: | 09/25/09 |
| For Period Ending: | 09/09/10 | Claims Bar Date: | 03/15/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 6316 N. Artesian, Chicago, IL | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| Debtor Claimed Exemption | | | | | |
| 2. Checking-Mutual Bank | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 3. Household Goods | 1,000.00 | 0.00 | DA | 0.00 | 0.00 |
| Debtor Claimed Exemption | | | | | |
| 4. WEARING APPAREL | 1,000.00 | 0.00 | DA | 0.00 | 0.00 |
| Debtor Claimed Exemption | | | | | |
| 5. 1993 Ford Escort | 300.00 | 0.00 | DA | 0.00 | 0.00 |
| Debtor Claimed Exemption | | | | | |
| 6. Taxicab Medallion | 100,000.00 | 80,540.00 | | 18,000.00 | FA |
| 7. Escrow Account (u) | 0.00 | 10,000.00 | | 10,000.00 | FA |
| 8. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.88 | Unknown |

TOTALS (Excluding Unknown Values)        $102,300.00        $90,540.00              $28,001.88

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 10/31/10     Current Projected Date of Final Report (TFR): 10/31/10

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 09-29948 -EW | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | MOHIUDDIN, MOHAMMAD S. | Bank Name: | BANK OF AMERICA |
| | MOHIUDDIN, WAJAHAT S. | Account Number / CD #: | *******3551 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******0173 | | |
| For Period Ending: | 09/09/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/04/10 | 7 | CHARLES L. GOODBAR | TURNOVER OF ESCROW ACCOUNT | 1221-000 | 10,000.00 | | 10,000.00 |
| 02/26/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.17 | | 10,000.17 |
| 03/31/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.26 | | 10,000.43 |
| 04/30/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,000.68 |
| 05/28/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,000.93 |
| 06/30/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,001.18 |
| 07/30/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,001.43 |
| 08/14/10 | 6 | Progressive Credit Union | Sale of Taxi Medallion | 1129-000 | 18,000.00 | | 28,001.43 |
| 08/31/10 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.45 | | 28,001.88 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 28,001.88 | 0.00 | 28,001.88 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 28,001.88 | 0.00 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 28,001.88 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - ********3551 | 28,001.88 | 0.00 | 28,001.88 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 28,001.88 | 0.00 | 28,001.88 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  28,001.88  0.00

Ver: 15.20

LFORM24

UST Form 101-7-TFR (9/1/2009) *(Page: 4)*

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-29948
Case Name: MOHIUDDIN, MOHAMMAD S.
        MOHIUDDIN, WAJAHAT S.
Trustee Name: Phillip D. Levey

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| Trustee: Phillip D. Levey | $_____ | $_____ |
| Attorney for trustee: Phillip D. Levey | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000001 | Asset Acceptance-Assignee Washington Mut PO Box 2036 Warren MI 48090 | $ | $ |
| 000002 | Capital One Freedman, Anselmo, Lindberg & Rappe LLC PO Box 3216 Naperville, IL 60566-7216 | $ | $ |
| 000003 | Capital One Freedman, Anselmo, Lindberg & Rappe LLC PO Box 3216 Naperville, IL 60566-7216 | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000005 | Artesian Courts Condominiuim Association c/o Dickler Kahn Slowikowski & Zavell 85 West Algonquin Road Suite 420 Arlington Heights, IL 60005 | $ | $ |

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $            .